968 F.2d 1226
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rustico O. VELASCO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3105.
 United States Court of Appeals, Federal Circuit.
 May 8, 1992.
 
 Before ARCHER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Rustico O. Velasco petitions for review of a Merit Systems Protection Board (Board) final decision No. SE08319110089, affirming the Office of Personnel Management's reconsideration decision denying Velasco a dependent-child survivor annuity. We affirm.
 
 DISCUSSION
 
 2
 Velasco, who is 43, sought an annuity as the child of a deceased retired annuitant. Pursuant to 5 U.S.C. § 8341(a)(4)(B) Velasco would be entitled to an annuity if he were an "unmarried dependent child regardless of age who is incapable of self-support because of mental or physical disability incurred before age 18."
 
 
 3
 The issue before the Board was whether Velasco was incapable of self-support in view of the dystrophy of his right leg due to childhood poliomyelitis. Velasco, his mother, and two residents from Velasco's home town averred that he was incapable of self-support because of his disability from polio. However, Velasco did not explain how his condition prevented him from being capable of self-support. Further, all four doctors whose statements and records were submitted in the case indicated that Velasco was capable of self-support. The administrative judge determined that Velasco had not demonstrated by a preponderance of the evidence that his impairment rendered him incapable of performing any occupation suitable for his age, education, work experience, or residual functional capacity.
 
 
 4
 We must uphold the Board's decision unless we find it to be (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, (b) obtained without procedures required by law, rule or regulation having been filed, or (c) unsupported by substantial evidence, 5 U.S.C. § 7703(c). Velasco bore the burden of proving that he was entitled to an annuity. Cheeseman v. Office of Personnel Management, 791 F.2d 138 (Fed.Cir.1986), cert. denied, 479 U.S. 1038 (1987). We discern no error; there was substantial evidence to support the Board's decision.